01

02

03

04

05              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
06                      AT SEATTLE

07  VIRGINIA P. FERGUSON,                    )
                                             )   CASE NO. C12-0470-RSL-MAT
08          Plaintiff,                       )
                                             )
09          v.                               )   REPORT AND RECOMMENDATION
                                             )   RE: SOCIAL SECURITY DISABILITY
10  MICHAEL J. ASTRUE, Commissioner          )   APPEAL
    of Social Security,                      )
11                                           )
            Defendant.                       )
12  _____ )

13          Plaintiff Virginia P. Ferguson proceeds through counsel in her appeal of a final decision

14  of the Commissioner of the Social Security Administration (Commissioner).     The

15  Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a

16  hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision,

17  the administrative record (AR), and all memoranda of record, the Court recommends that this

18  matter be REVERSED and REMANDED for further proceedings.

19                    **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1961.[1]   She has a ninth grade education and previously

21

22          1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
    Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

    REPORT & RECOMMENDATION
    PAGE -1

01   worked as a receptionist and production worker.

02       Plaintiff filed an application for SSI on August 28, 2008, alleging disability beginning

03   August 1, 2007.  (AR 16.)   Plaintiff's application was denied at the initial level and on

04   reconsideration.   Plaintiff timely requested a hearing.

05       On November 15, 2010, ALJ Verrell Dethloff held a hearing, taking testimony from

06   plaintiff.   (AR 43-60.)   In a December 2, 2010 decision, the ALJ found a basis for reopening

07   plaintiff's prior SSI application, but concluded plaintiff was not disabled.   (AR 16-37.)

08       Plaintiff timely appealed.   The Appeals Council denied plaintiff's request for review

09   on January 13, 2012 (AR 1-5), making the ALJ's decision the final decision of the

10   Commissioner.   Plaintiff appealed this final decision of the Commissioner to this Court.

11                                    **JURISDICTION**

12       The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13                                    **DISCUSSION**

14       The Commissioner follows a five-step sequential evaluation process for determining

15   whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

16   must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

17   not engaged in substantial gainful activity since February 1, 2008, the application date of her

18   prior SSI application.   At step two, it must be determined whether a claimant suffers from a

19   severe impairment.   The ALJ found plaintiff's osteoarthritis and degenerative changes of the

20   spine; mild fibromyalgia; obesity; attention deficit hyperactivity disorder (ADHA) and learning

21   disorder severe.   Step three asks whether a claimant's impairments meet or equal a listed

22   ────────────────────────────────────────────────────────

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT & RECOMMENDATION
PAGE -2

01 impairment.   The ALJ found that plaintiff's impairments did not meet or equal the criteria of a

02 listed impairment.

03          If a claimant's impairments do not meet or equal a listing, the Commissioner must

04 assess residual functional capacity (RFC) and determine at step four whether the claimant has

05 demonstrated an inability to perform past relevant work.   The ALJ found plaintiff able to

06 perform light work as defined in 20 C.F.R. § 416.967(b), and to carry out simple repetitive tasks

07 without limitation, and detailed tasks that are "hands-on."   With that assessment, the ALJ

08 found plaintiff able to perform her past relevant work as a receptionist and production worker.

09          If a claimant demonstrates an inability to perform past relevant work, the burden shifts

10 to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

11 an adjustment to work that exists in significant levels in the national economy.   Finding

12 plaintiff not disabled at step four, the ALJ did not proceed to step five.

13          This Court's review of the ALJ's decision is limited to whether the decision is in

14 accordance with the law and the findings supported by substantial evidence in the record as a

15 whole.   *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

16 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

17 reasonable mind might accept as adequate to support a conclusion.   *Magallanes v. Bowen*, 881

18 F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

19 supports the ALJ's decision, the Court must uphold that decision.   *Thomas v. Barnhart*, 278

20 F.3d 947, 954 (9th Cir. 2002).

21          Plaintiff argues that the ALJ failed to properly evaluate her fibromyalgia at step two,

22 erroneously evaluated the opinions of treating physicians and examining psychologists, failed

01  to properly evaluate her credibility, improperly determined her RFC, and erred in finding her

02  able to perform her past relevant work.   Plaintiff argues that new evidence supports a remand

03  for a new hearing.   The Commissioner argues that the ALJ's decision is supported by

04  substantial evidence and should be affirmed.

05  <u>Medical Opinion Evidence</u>

06  Plaintiff argues the ALJ failed to properly evaluate the opinions of treating doctors

07  Holly J. Christoferson, M.D. and John Yuen, M.D., and examining psychologists Paul D.

08  Connor, Ph.D. and Robert E. Parker, Ph.D.

09  In general, more weight should be given to the opinion of a treating physician than to a

10  non-treating physician, and more weight to the opinion of an examining physician than to a

11  non-examining physician.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).   Where not

12  contradicted by another physician, a treating or examining physician's opinion may be rejected

13  only for "'clear and convincing'" reasons.   *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391,

14  1396 (9th Cir. 1991)).   Where contradicted, a treating or examining physician's opinion may

15  not be rejected without "'specific and legitimate reasons' supported by substantial evidence in

16  the record for so doing."   *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

17  1983)).   The ALJ may reject physicians' opinions "by setting out a detailed and thorough

18  summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

19  making findings."   *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*,

20  881 F.2d at 751).   Rather than merely stating her conclusions, the ALJ "must set forth [her]

21  own interpretations and explain why they, rather than the doctors', are correct."   *Id*.   (citing

22  *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

01 "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v.*

02 *Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d

03 1030, 1040 (9th Cir. 2003). *Accord Thomas*, 278 F.3d at 956-57 ("When there is conflicting

04 medical evidence, the Secretary must determine credibility and resolve the conflict.") (quoting

05 *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). While the ALJ need not discuss

06 each piece of evidence in the record, he must explain why "'significant probative evidence has

07 been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quoting *Cotter v.*

08 *Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

09 A.    Holly J. Christoferson, M.D.

10 In large part, plaintiff's assignment of error with regard to Dr. Christoferson consists of

11 no more than a recitation of that doctor's opinions. (Dkt. 14 at 4-8.) However, plaintiff does

12 correctly point out that the ALJ failed to discuss the physical evaluation form completed by Dr.

13 Christoferson on April 24, 2009, stating the doctor's opinion that plaintiff could not perform

14 even sedentary work. (AR 365.)

15 The Commissioner argues the ALJ's reference to "several and various" opinions

16 regarding plaintiff's capacities was sufficient to allow this Court to draw inferences as to why

17 the ALJ rejected this more restrictive opinion. Under different circumstances, the Court might

18 find the Commissioner's suggestion persuasive. "As a reviewing court, we are not deprived of

19 our faculties for drawing specific and legitimate inferences from the ALJ's opinion."

20 *Magallanes*, 881 F.2d at 755. However, the inferences must be there to be drawn.

21 Here, the ALJ made reference to a number of Dr. Christoferson's findings and

22 diagnoses, including persistent, chronic back pain, and concluded at step two that plaintiff's

01   osteoarthritis and degenerative changes of the spine were severe.  (AR 19, 30.)  The ALJ

02   noted that Dr. Christoferson diagnosed chronic pain in the joint "at multiple sites", stating that

03   plaintiff was at risk for fasciitis and progressive loss of ability to maintain exercise regimen,

04   and referring her to a podiatrist.  (AR 29.)  However, while the ALJ provided extensive

05   discussion of Dr. Yuen's assessment of plaintiff's functional capacity, finding it "fatuous,

06   accommodating, and grossly exaggerated" (AR 32), the ALJ did not discuss Dr.

07   Christopherson's assessment in this regard.   In fact, other than noting the doctor's findings, the

08   ALJ provided no evaluation—positive or negative—of Dr. Christopherson's treatment or

09   recommendations.   Absent this, the Court is hard pressed to draw an inference from the rest of

10   the decision that could legitimately substitute for the ALJ's own evaluation of Dr.

11   Christopherson's functional capacity evaluation.

12           The ALJ is not required to adopt the opinion of any particular medical source, but is

13   obligated to "set forth his own interpretations and explain why they, rather that the doctors', are

14   correct."  *Reddick*, 157 F.3d at 725.  The Court finds it necessary to remand the matter to

15   allow the ALJ to evaluate Dr. Christoferson's opinions about plaintiff's functional capacity.

16   B.      Paul D. Connor, Ph.D.

17           Plaintiff was given a neuropsychological assessment on January 17, 2008 by Paul D.

18   Connor, Ph.D. (AR 253-59), diagnosing cognitive and attention deficit disorders and related

19   learning disabilities.  The ALJ gave some weight to Dr. Connor's assessment that plaintiff

20   could be moderately limited in her ability to concentrate and follow detailed instructions.

21   However, the ALJ did not accept Dr. Connor's recommendation of part-time rather than

22   full-time employment, assessing it as "an advocacy exercise in helping the claimant to get

REPORT & RECOMMENDATION
PAGE -6

01  benefits so she can spend time with her children and work on her education."   (AR 35.)

02      Plaintiff takes issue with the ALJ's conclusion, but the Court finds it to be a permissible,

03  reasonable inference from Dr. Connor's report.   Specifically, Dr. Connor wrote:

04      Employment in light manufacturing or assembly, like her placement at Orion
        Industries, would suit her well and help to minimize the impact of her physical
05      and cognitive weaknesses.   Virginia expressed her enjoyment volunteering at
        the Salvation Army.   If a paying job became available to her in this setting,
06      Virginia would likely be happy with that.   She would likely need some ongoing
        job coaching for tasks required and to help her with the social aspects of the
07      employment.   Based on her limitations, it seems likely that full-time
        employment may not be the most appropriate for her.   However, a part-time job
08      that allowed her the time to spend with her children and to work on her
        education, should be most advantageous for her.

09

10  (AR 258.)

11      Reading Dr. Connor's report in context, it was reasonable for the ALJ to infer that Dr.

12  Connor suggested part-time work because it would be more personally "advantageous" for

13  plaintiff to be able to spend time with her children and to work on her education, rather than

14  because she lacked the capacity to work full-time.   While the doctor may be correct that

15  part-time work might be more desirable from plaintiff's point of view, disability benefits are

16  not awarded for these reasons.   The Court finds no error in the ALJ's consideration of Dr.

17  Connor's opinions.

18  C.    Robert E. Parker, Ph.D.

19      Dr. Parker completed a psychological evaluation of plaintiff for the Washington State

20  Department of Social and Health Services (DSHS) in September 2008.   (AR 311-31.)   While

21  the ALJ accepted Dr. Connor's diagnosis of certain cognitive disorders, he found "the variety of

22  additional mental disorders indicated by DSHS examiners [to be] poorly supported by the

REPORT & RECOMMENDATION
PAGE -7

01  record" and by the neuropsychological assessments conducted by Dr. Connor.   (AR 34.)   The

02  ALJ noted that plaintiff had not been treated for depression or anxiety, and her primary care

03  provider (Dr. Christoferson) had neither reached any persistent diagnoses of such conditions,

04  nor made any referrals for specialized treatment in that regard.   (*Id.*)

05        Plaintiff's assignment of error with regard to the ALJ's assessment of Dr. Parker's

06  opinion misconstrues the ALJ's reasoning.   Contrary to plaintiff's argument, the ALJ did not

07  reject Dr. Parker's opinion because the plaintiff had not been referred by her primary care

08  provider.   Rather, the ALJ found the diagnoses set forth in Dr. Parker's evaluation report

09  unsupported by the record, citing the lack of treatment provided by either the primary care

10  physician or a specialist.   The Court finds no error in the ALJ's consideration of Dr. Parker's

11  report.

12                    <u>Other Medical Opinions and Issues</u>

13  A.     <u>Fibromyalgia</u>

14        Plaintiff argues the ALJ failed to properly evaluate her fibromyalgia step two.   She

15  characterizes as contradictory the ALJ's initial finding that she has a step two severe

16  impairment of "mild fibromyalgia", yet describes it as "not severe" because it does not reduce

17  her RFC beyond the limitations assessed because of other impairments.   (AR 19-20).

18        The Court notes that a step two severity finding does not necessarily imply that an

19  impairment will be found to result in functional limitations sufficiently significant to affect the

20  ability of a claimant to perform work activities. "[T]he step two inquiry is a *de minimis*

21  screening device to dispose of groundless clams." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th

22  Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).   Therefore, "[a]n

01   impairment or combination of impairments can be found 'not severe' only if the evidence

02   establishes a slight abnormality that has 'no more than a minimal effect on an individual's

03   ability to work.'"  *Id.* (quoting Social Security Ruling (SSR) 85-28).

04        An RFC assessment at step four, on the other hand, considers the most a claimant can do

05   considering her limitations or restrictions.   20 C.F.R. § 416.945(a); SSR 96-8p. A claimant's

06   severe impairment may or may not affect his or her functional capacity to do work.   One does

07   not necessarily establish the other.    However, since the Court finds it necessary to remand

08   this matter on other grounds, the ALJ should address any ambiguity that may be present in the

09   discussion of the severity of plaintiff's fibromyalgia at step two.

10   B.   Dr. John Yuen

11        Dr. Yuen was plaintiff's treating rheumatologist.   He completed a RFC questionnaire,

12   assessing significant limitations.   (AR 549-53.)    The ALJ gave "little weight" to this

13   assessment, finding it "not consistent with other substantial evidence in the record," as well as

14   being overly and uncritically reliant on plaintiff's subjective report of symptoms and

15   limitations.   (AR 32.)   To some extent, Dr. Yuen's opinions might be considered consistent

16   with those expressed in Dr. Christopherson's physical evaluation.   (AR 362-67.)   Since the

17   ALJ's consideration of this evaluation on remand could also affect the weight given by the ALJ

18   to Dr. Yuen's opinions, the Court finds it premature to consider plaintiff's arguments in this

19   regard.

20   C.   RFC and Ability to Perform Past Relevant Work

21        Plaintiff's assignment of error with regard to the ALJ's evaluation of her RFC, and the

22   related issue of her ability to perform past relevant work follows from her contentions relating

01    to the ALJ's evaluation of the medical evidence.   The Court eschews consideration of these

02    issues since the ALJ's re-consideration of the opinions of Dr. Christoferson and Dr. Yuen's

03    opinions on remand may also implicate these determinations.

04    D.    <u>Credibility</u>

05          Likewise, the ALJ's consideration of plaintiff's credibility may be affected by the

06    re-consideration of the medical evidence on remand.   While the ALJ cites a number of reasons,

07    such as motivational issues and reported activities as undermining plaintiff's claim of complete

08    disability, the ALJ also relies on the conclusion that the record was devoid of objective medical

09    evidence to support a conclusion that plaintiff is disabled.   The ALJ should re-visit the

10    credibility analysis on remand after addressing the opinions of Dr. Christoferson and Dr. Yuen.

11    E.    <u>Waived Arguments</u>

12          Plaintiff sets forth a number of issues without any accompanying argument or citation

13    of authority.   Plaintiff alleges the ALJ miscalculated her "date last insured," and her SSI

14    application should be treated "as also being applications for Social Security disability benefits".

15    (Dkt. 14 at 1, n. 1)   Plaintiff alleges the ALJ erred by failing to "properly identify and consider

16    the limitations caused by Ferguson's carpal tunnel syndrome, Cognitive Disorder, Dysthymic

17    Disorder and Anxiety Disorder." (*Id.,* at 4, n. 3.)   The Court finds these issues waived.   *See*

18    *generally Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any

19    specificity) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir.

20    2003) (the court "ordinarily will not consider matters on appeal that are not specifically and

21    distinctly argued in an appellant's opening brief").)

22    / / /

01                                            <u>Remedy</u>

02          "The decision whether to remand for further proceedings or simply to award benefits is

03   within the discretion of this court." *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir.1989).

04   Remand is proper where, as here, additional administrative proceedings could remedy the

05   defects in the decision.   *See Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990).   The Court

06   finds remand to be the appropriate remedy in this case.

07                                       **CONCLUSION**

08          For the reasons set forth above, this matter should be REMANDED for further

09   proceedings.

10          DATED this <u>21st</u> day of December, 2012.

11

12                                           _____

                                             Mary Alice Theiler

13                                           United States Magistrate Judge

14

15

16

17

18

19

20

21

22

REPORT & RECOMMENDATION
PAGE -11