UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGINIA P. FERGUSON, | ) |
| | ) CASE NO. C12-0470-RSL-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |
| | ) |

INTRODUCTION AND DISCUSSION

Plaintiff submitted a motion for an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA). (Dkt. 22.) He seeks an award of $7,870.46 in attorney's fees and $27.32 in expenses pursuant to the EAJA, 28 U.S.C. § 2412, for a total award of $7,897.78. (*Id*. and Dkt. 25 at 4 (including fees for EAJA-related reply).)

The Commissioner objects to a portion of the fees sought. (Dkt. 24.) Asserting

---

[1] Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as defendant in this suit. Fed. R. Civ. P. 25(d)(1).

REPORT AND RECOMMENDATION
PAGE -1

plaintiff's counsel expended an unreasonable amount of time drafting the reply brief, inappropriately included billing for clerical matters, and presented billing entries in block billing format, the Commissioner seeks a reduction of 5.0 hours from the attorney's fees sought. (*Id*.) She has no objection to the request for expenses or requested hourly rates.

Now, having considered the parties' submissions, along with the remainder of the record, the Court recommends that plaintiff's motion be GRANTED in part and DENIED in part for the reasons described below.

A.  Hours Expended

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in this matter. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). *See also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1135 (9th Cir. 2012) (district court must give reasons for reducing fees; where disparity between fees requested and awarded relatively large, court should provide specific articulation of reasons for reducing award) (citing *Moreno v. City of Sacramento*, 534 F.3d 1101, 1111 (9th Cir. 2008)).

The Commissioner states that the issues in this matter were not novel or complex, and argues a portion of the hours spent by plaintiff's counsel were not reasonably expended. She observes, for instance, that plaintiff's counsel billed approximately 6.5 hours for preparation of the reply brief. The Commissioner notes this time as subsequent to some 29.8 hours expended drafting the opening brief, and asserts the reply brief "was 13 pages long and contained a

recitation of facts and law" from the opening brief, resulting "in nearly one hour per two pages[.]" (Dkt. 24 at 4.)  She argues excessive time billed for the completion of the reply brief should be excluded.  Considering the 5.0 hour reduction sought in total, approximately 1.3 hours of which relate to allegedly clerical matters (*see* Dkt. 24 at 5), the Commissioner appears to seek a 3.7 hour reduction for excessive hours expended.

Plaintiff's counsel disputes the characterization of this case as routine.  Counsel denies any hours expended were excessive, redundant, or otherwise unnecessary, noting he did not represent plaintiff prior to the filing of this case in district court, and therefore required more time for review of the record and the drafting of briefs.  Counsel also notes the inclusion of some significant new evidence submitted to the Appeals Council, requiring additional effort, and the inclusion of novel legal arguments on several issues in the reply brief.

The Commissioner fails to demonstrate plaintiff's counsel spent an unreasonable amount of time preparing the reply brief.  *Cf. Costa*, 690 F.3d at 1136-37 (rejecting district court's reduction of hours by nearly one-third because "the issues in the case were not novel or complex and . . . the brief was not very long."; finding reasons "not sufficiently specific given the magnitude of the reductions.")  The reply brief contained more than a recitation of facts and law from the opening brief. (*See* Dkt. 18.)  It provided useful, relevant, and detailed discussions of the facts, authority, and administrative record, and was directly responsive to arguments raised by the Commissioner.  The Court, therefore, finds no basis for reducing the hours spent by plaintiff's counsel preparing the reply brief.

The Court does, however, find a reduction in the hours spent preparing the opening brief appropriate.  As the Court noted in its Report and Recommendation, plaintiff's assignment of

REPORT AND RECOMMENDATION
PAGE -3

error with regard to the ALJ's consideration of the opinions of Dr. Holly J. Christoferson consisted in large part of no more than a recitation of that doctor's opinions. (Dkt. 19 at 5 (citing Dkt. 14 at 4-8).) The Court advised the parties in the Briefing Schedule to "not include a lengthy recitation of background facts or medical evidence[,]" and, rather, to discuss relevant facts "in the context of specific assignments of error." (Dkt. 11 at 2.) In this case, a four-page recitation of facts, describing numerous treatment notes, was unnecessary to support the argument that the ALJ failed to address a single report from Dr. Christoferson assessing work-related limitations, and failed to comply with the Court's directive in the Briefing Schedule. The Court, therefore, recommends a reduction of 2.0 hours, finding that a reasonable estimate of the excessive and unnecessary time spent drafting the fact recitation associated with Dr. Christoferson.

B.   Clerical Tasks

"[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). In this case, the Commissioner targets the following time entries as consisting of purely clerical tasks: 0.60 hours for preparation of the summons, complaint and civil worksheet and to correct IFP filings; and 0.70 hours for EAJA documents. (*See* Dkt. 22-3.)

Plaintiff's counsel denies the inclusion of any clerical work, noting an attorney bears the ultimate responsibility for drafting and reviewing all documents filed and for ensuring the accuracy of billing documents. He further observes the minimal amounts of time expended on these tasks. Counsel also requests an award for 1.5 of the additional 1.8 hours expended drafting the EAJA-related reply brief, declaration, and proposed order. (Dkt. 25 at 4.)

REPORT AND RECOMMENDATION
PAGE -4

01     The Court is not persuaded by the Commissioner's contention that the drafting of the
02 summons, complaint, and civil worksheet, and the correction of the IFP filing constitute purely
03 clerical tasks, as opposed to necessary legal work performed by an attorney. Moreover, the
04 minimal amount of time spent on these tasks was reasonable.

05     In addition, the argument concerning the inclusion of the time spent preparing the EAJA
06 motion and the EAJA reply brief should be rejected. Plaintiff may be awarded fees for hours
07 reasonably expended in seeking attorney's fees under the EAJA. *See Comm'r, INS v. Jean*,
08 496 U.S. 154, 162-66 (1990). Here, plaintiff properly seeks reimbursement for a reasonable
09 number of hours (2.20 hours total) spent on the EAJA briefing. Additionally, in seeking EAJA
10 fees, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in
11 the litigation and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at
12 1397 (citing *Hensley*, 461 U.S. at 433, 437). Accordingly, it appropriately falls within an
13 attorney's purview to determine the items to include on an EAJA time record and the amounts
14 to seek for each item, and to award fees based on the time spent performing those tasks. For
15 this reason, and for the reasons stated above, the Court finds no basis for a reduction of hours
16 purportedly spent performing clerical work.

17 C.    Block Billing

18     The Commissioner also alleges improper block billing. However, "plaintiff's counsel
19 'is not required to record in great detail how each minute of his time was expended.'" *Fischer*
20 *v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 437 n. 12).
21 "Instead, plaintiff's counsel can meet his burden - although just barely - by simply listing his
22 hours and 'identifying the general subject matter of his time expenditures.'" *Id*. (finding

denial of fee application an abuse of discretion where the fee request included summaries of tasks such as "pleadings and pretrial motions") (quoting *Davis v. City of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 437 n. 12)). Here, plaintiff met this "basic requirement." *Id*. In fact, it is not clear how much more detail would be necessary to evaluate the time entries at issue in this case. (*See* Dkt. 22-3.) The Court additionally notes that the Commissioner routinely declines to raise any such objection to the very same billing practice in numerous EAJA petitions submitted to the Court. This objection, therefore, does not warrant any deduction in the fees requested.

## CONCLUSION

For the reasons stated above, plaintiff's motion for an award of attorney's fees and expenses (Dkt. 22) should be GRANTED in part and DENIED in part. The Court recommends that the attorney's fees in this matter be reduced by 2.0 hours, amounting to $368.64 in fees. The Court finds the remaining amount of fees sought, as well as the expenses, reasonable. Accordingly, the Court recommends plaintiff be awarded attorney's fees in the amount of $7,501.82 and expenses in the amount of $27.32, for a total award of $7,529.14. A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of May, 2013.

Mary Alice Theiler
United States Magistrate Judge